FENNEMORE CRAIG
Ray K. Harris (No. 007408)
Susan M. O (No. 020596)
3003 North Central Avenue
Suite 2600
Phoenix, Arizona 85012-2913
Telephone: (602) 916-5000
Email: rharris@fclaw.com
Email: smo@fclaw.com

Attorneys for Defendant
PC Onsite, LLC, Casey Hagon
and Garland Pierce

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| Dream Games of Arizona, Inc.; et al. | No. CIV '03 0433 EHC |
|---|---|
| Plaintiffs, | **DEFENDANTS' MOTION IN LIMINE REGARDING DAMAGES** |
| v. | |
| PC Onsite, LLC, et al., | |
| Defendants. | |

Defendants request that any evidence regarding lost profits caused by the operation of Defendants' Quick Play Bingo games in bingo parlors in Utah and Wyoming be excluded as irrelevant because damages from illegal conduct are not recoverable.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Complaint alleges Defendants entered into an agreement with Plaintiffs to rewrite Plaintiffs' Fast Action Bingo game. Plaintiffs claim Defendants breached the agreement by copying Fast Action Bingo game in the Quick Play Bingo game and distributing Quick Play Bingo game to bingo parlors in Utah and Wyoming. Plaintiffs seek lost profits and unjust enrichment resulting from the installation of Defendants' Quick Play Bingo games in bingo parlors in competition with Plaintiffs' Fast Action Bingo game.

## I. PLAINTIFFS CANNOT RECOVER DAMAGES FROM ILLEGAL ACTIVITIES

Under Arizona law, a contract made in violation of law or against public policy is void and unenforceable. *Landi v. Arkules*, 172 Ariz. 126, 133, 835 P.2d 458, 465 (App. 1992). Parties to a contract requiring the performance of illegal acts cannot recover damages or obtain restitution pursuant to the contract. *Id.* at 136; *White v. Mattox*, 127 Ariz. 181, 184, 619 P.2d 9, 12 (1980) ("Recovery will be denied if the acts to be performed under the contract are themselves illegal or contrary to public policy."). Plaintiffs cannot be permitted to invoke judicial proceedings to benefit from activities that are illegal.

## II. PLAINTIFFS' DAMAGES STEM FROM ILLEGAL GAMING DEVICES

Plaintiffs' claim for lost profits stems from the operation of Quick Play Bingo games in bingo parlors in Wyoming and Utah. Plaintiffs allege that the installation of Quick Play Bingo games diminished plaintiffs' revenues derived from the operation of their Fast Action Bingo games.

Unbeknownst to Defendants, Fast Action Bingo game was illegal when the parties entered into the agreement in the summer of 2002. Just recently, both Utah and Wyoming confirmed the illegal nature of the Fast Action Bingo game.[1] On January 10, 2006, The Wyoming Supreme Court upheld the district court decision finding that Fast Action Bingo game was illegal gambling and its operation was prohibited by the Wyoming statute. *See Fraternal Order of Eagles Sheridan Aerie No. 186 v. State of Wyoming*, ___ P.3d ___, 2006 WL 45835 (Jan. 10, 2006), a copy of which is attached as Exhibit A.

Similarly, on January 23, 2006, PVP Management Corp., of which Paul V. Perez and his wife are sole owners, pleaded guilty to four counts of Class B Misdemeanor for

---

[1] Constitution of Utah, Art. 6 § 27 states that "[t]he Legislature shall not authorize any game of chance, lottery or gift enterprise under any pretense or for any purpose." Wyoming statute also prohibits gambling, defined as "risking any property for gain continent in whole or in part upon lot, chance, [or] the operation of a gambling device." Wyo. Stat. Ann. § 6-7-101(a)(iii)(2004).

gambling associated with its operation of Fast Action Bingo games installed at Annie's Dinner & Bingo in Utah. *See West Valley v. Paul Vincent Perez*, 3rd District of Utah, Case number 041100677 docket, attached as Exhibit B. The Utah criminal matter involved the seizure of Fast Action Bingo games from only Annie's Dinner & Bingo, a facility where Quick Play Bingo was never installed. As part of the plea, however, Plaintiffs agreed to remove all gambling devices still in use throughout the state of Utah and agreed not to promote gambling. Plaintiffs' admission that Fast Action Bingo was an illegal gambling device and agreement to remove Fast Action Bingo games applied statewide.

The same provisions of the Wyoming statute and Utah Constitution that make Fast Action Bingo illegal were in effect in 2002. Fast Action Bingo games are illegal throughout the state of Wyoming and Utah and were also illegal during the short period of time Quick Play Bingo games were in operation in competition with Fast Action Bingo games. Plaintiff cannot recover profits that they allegedly would have made by operating the illegal Fast Action Bingo games absent competition from Quick Play Bingo games. Allowing Plaintiffs to recover damages would encourage others to form illegal contracts and thwart public policy.

## **CONCLUSION**

Because Plaintiffs cannot recover damages from illegal activities, evidence regarding lost profits based on diminished revenue from Plaintiffs' Fast Action Bingo games due to the operation of Defendants' Quick Play Bingo in bingo parlors in Utah and Wyoming should be excluded.

DATED this 27th day of January, 2006.

FENNEMORE CRAIG

By s/ Susan M. O
Ray K. Harris
Susan M. O
Attorneys for Defendants

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

- 3 -

...

...

...

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2006, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal f a Notice of Electronic Filing to the following CM/ECF registrants:

Marvin A. Glazer
Cahill von Hellens & Glazer
2141 E. Highland Avenue
Suite 155
Phoenix, AZ  85016-4737

s/ Susan M. O

1754666.1

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX