FENNEMORE CRAIG
Ray K. Harris (No. 007408)
Susan M. O (No. 020596)
3003 North Central Avenue
Suite 2600
Phoenix, Arizona  85012-2913
Telephone:  (602) 916-5000
Email:  rharris@fclaw.com
Email:  smo@fclaw.com

Attorneys for Defendant
PC Onsite, LLC, Casey Hagon
and Garland Pierce

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Dream Games of Arizona, Inc.; et al. | No. CIV '03 0433 EHC |
| Plaintiffs, | **DEFENDANTS' MOTION IN LIMINE REGARDING INFRINGEMENT** |
| v. | |
| PC Onsite, LLC, et al., | |
| Defendants. | |

Defendants move in limine to exclude any evidence or testimony regarding the following:

**II.     FAST ACTION GAME SOFTWARE IS NOT INFRINGED**

Immediately prior to filing suit, Plaintiff filed copyright registration of their software as a literary work.  Plaintiffs chose not to register the screens as an audiovisual work even though the Copyright Office Circular 61 recommends registration of audiovisual works for video games.[1]  Under copyright office policy, "single registration is sufficient to protect the copyright in a computer program <u>and related screen displays</u>."[2]

---

[1]  If a claim to screen displays is asserted in the application, "identifying materials for the screens must be deposited" and "the identifying material will be examined for copyrightability."  Here, Plaintiffs seek a presumption of validity of their registration (their software and screen displays) while avoiding administrative review of the screen displays.

[2]  Case law has extended copyright protection to screens "generated by the software."  *See Harbor Software,*

1  The complaint alleges copying of computer source code and computer screens. It is undisputed that Fast Action Bingo and Quick Play Bingo were written in different languages. There is no evidence of copying of the software. Any testimony or evidence to suggest Quick Play Bingo infringes the Fast Action Bingo software should be excluded.[3]

Plaintiffs have produced no evidence to suggest that the Quick Play Bingo screen displays were generated by copying the Fast Action Bingo software. The similarity of screens does not show copying of the underlying software.[4] Therefore, any testimony to suggest that Fast Action Bingo software generated the Quick Play Bingo screen displays should be excluded.

Plaintiffs have focused on the similarities of the screen displays in order to show copyright infringement. Plaintiffs have offered side-by-side comparison of the screens produced by each game. Plaintiffs' own expert, Scott Greene, having examined both the software and the graphical user interface for both games, conceded that most of the similarities could be explained by copying of the screens as opposed to copying of the software. Plaintiffs failed to disclose any evidence to support a claim for infringement of the software, Any testimony regarding infringement of the source code itself is irrelevant and unduly prejudicial and should be excluded. Fed. R. Evid. 402 and 403.

---

*Inc. v. Applied Systems, Inc.*, 925 F.Supp. 1042 (S.D.N.Y. 1996); *Manufacturers Technologies, Inc. v. Cams, Inc.*, 706 F. Supp. 984 (D. Conn. 1989); *O.P. Solutions, Inc. v. Intellectual Property Network, Ltd.*, 1999 WL 47191 (S.D.N.Y. 1999). Here, the defendants' screens are not generated by the registered software. To the extent the case law can be read to extend protection to such independently generated computer screens based on registration of the software, these cases are wrongly decided. Defendants have not located any appellate decision upholding protection of computer screens under the circumstances prescribed here.

[3] Mr. Greene testified that only similarities in the access code and field names suggest copying of software. Any alleged copying of access code and field names is de minimis and insufficient to establish infringement of the Fast Action software. *See Nihon Keizai Shimbum, inc. v. Comline Business Data, Inc.* 166 F.3d 65, 71 (2nd Cir. 1999) ("De minimis infringement of a copyrighted work is not actionable.")

[4] Similar screens do not show similar software. *See Manufacturers Technologies, Inc.*, 706 F. Supp. at 992.

## II. FAST ACTION BINGO SCREEN DISPLAYS NOT RELATED TO THE REGISTERED SOFTWARE ARE NOT INFRINGED

According to the Copyright Office Circular 61, registration of the software extends copyright protection to the screen displays generated by the registered software. Therefore, the only screen displays that are protected and are at issue are those generated by the software registered with the Copyright Office on November 27, 2002. Screen displays generated by any earlier or later versions of the game are not protected and cannot be the basis for any action for infringement. Thus, any Fast Action Bingo screen displays not generated by the software registered with the Copyright Office should be excluded as irrelevant to this action for infringement.

## III. NO EXPERT TESTIMONY AS TO COPYRIGHTABILITY

The court has determined screen displays generated by the Fast Action Bingo software are entitled to only "thin" protection where virtual identity can be shown. Only copying of protected elements is actionable and plaintiffs have the burden of identifying protected elements. *See Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 1994), *cert denied*, 513 U.S. 1184 (1995) ("The plaintiff must identify the source(s) of the alleged similarity between his work and the defendant's work"). Although Plaintiffs' expert, Scott Greene, testified regarding the similarities between the screen displays of Fast Action Bingo and Quick Play Bingo, Mr. Greene did not opine as to the copyrightability of any element of the screen. Plaintiffs have not identified any expert witness[5] to opine regarding the copyrightability of any of the elements of the screen displays. Therefore, any expert testimony regarding copyrightability of the screen displays or identifying any protected elements should be excluded.

---

[5] Mr. Greene, as a forensic computer expert, would not be qualified to opine regarding copyrightability of screen displays.

## IV.  FAST ACTION BINGO "PLAYER SIDE" SCREEN DISPLAYS ARE NOT INFRINGED

Both Fast Action Bingo and Quick Play Bingo generate separate screens for players (or "front-end") and for administrators (or "back-end"). In general, front-end screens display bingo cards and results of the game whereas the back-end screens display game parameters and generate reports.

Plaintiffs' expert has testified that the front-end screens are "substantially similar." *See* Scott Greene's Deposition Transcript at 45:8-11. Substantial similarity is not the standard and is not sufficient to find infringement of the screen displays. Plaintiffs have not met their burden to establish virtual identity of the front-end screens and any testimony or evidence regarding infringement of the front-end screens should be excluded.

Further, regulation of the Copyright Office precludes extending copyright protection to scorecards and forms such as bingo cards. 37 C.F.R. § 202.1(c) (2005; *see*; *O.P. Solutions, Inc. v. Intellectual Property Network, Ltd.* 1999 WL 47191 (S.D.N.Y. 1999) (noting that regulation excludes from copyright registration forms such as scorecards and report forms). Bingo cards displayed throughout numerous screen displays are not copyrightable.[6] Therefore, any testimony or evidence regarding the infringement of player screens displaying bingo cards should be excluded as irrelevant and unduly prejudicial. Fed. R. Evid. 402 and 403.

## V.  PROTECTED ELEMENTS OF FAST ACTION BINGO ADMINISTRATIVE SCREEN DISPLAYS ARE NOT IDENTIFIED

Only copyrightable elements of screen displays are protected. Plaintiffs have the burden of identifying the protected elements. *See Apple Computer, Inc.*, 35 F.3d at 1443. Similarity of non-protected elements is not actionable and would be unduly prejudicial. Fed. R. Evid. 402 and 403. Therefore, Plaintiffs should be precluded from presenting any

---

[6] The court has already determined that numerous elements of the screen displays, such as bingo cards and numbers, idea and names of winning combinations, display of player's balance and winnings, information fields, functions, layout and color scheme, are not protectable.

evidence or testimony regarding infringement of screen displays unless Plaintiffs identify the specific protected elements in each screen.

DATED this 27th day of January, 2006.

FENNEMORE CRAIG


Byس/ Susan M. O
    Ray K. Harris
    Susan M. O
    Attorneys for Defendants

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on January 27, 2006, I electronically transmitted the attached |
| 3 | documents to the Clerk's Office using the CM/ECF System for filing and transmittal f a |
| 4 | Notice of Electronic Filing to the following CM/ECF registrants: |

Marvin A. Glazer
Cahill von Hellens & Glazer
2141 E. Highland Avenue
Suite 155
Phoenix, AZ  85016-4737

s/ Susan M. O