FENNEMORE CRAIG
Ray K. Harris (No. 007408)
Susan M. O (No. 020596)
3003 North Central Avenue
Suite 2600
Phoenix, Arizona 85012-2913
Telephone: (602) 916-5000
Email: rharris@fclaw.com
Email: smo@fclaw.com

Attorneys for Defendant
PC Onsite, LLC, Casey Hagon
and Garland Pierce

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Dream Games of Arizona, Inc.; et al.<br><br>Plaintiffs,<br><br>v.<br><br>PC Onsite, LLC, et al.,<br><br>Defendants. | No. CIV '03 0433 EHC<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE REGARDING INFRINGEMENT** |

## **PLAINTIFF'S COPYRIGHT IS NOT INFRINGED**

Plaintiff, Dream Games of Arizona, Inc., filed copyright registration for the text of its computer software (not for audiovisual work). The registration for the text of the software extends to screens "generated by the software." See Harbor Software, Inc. v. Applied Systems, Inc., 925 F.Supp. 1042 (SDNY 1996).

Defendant PC Onsite, LLC wrote software for a computer Bingo game ("Quick Play"). Because the Defendant's Quick Play computer screens are not "generated by" the Fast Action software, the Quick Play Bingo screens do not infringe the Fast Action copyright registration. Plaintiff concedes that screens generated by versions of Fast Action Bingo other than the registered version are not protected. The screens generated by the registered version, however, are also not protected unless the infringing screens are

generated by infringing software. Plaintiff chose not to register its screens as audiovisual works and did not deposit identifying materials for the screens to be examined for copyrightability. Plaintiff seeks a presumption of validity with regard to the computer screens after having avoided administrative review of the screen displays themselves.

### A. THE SOFTWARE IS NOT COPIED

The evidence in Plaintiff's expert report of similarity in the software consists primarily of similarities in the computer screens and their contents. Similarities in the screens generated by software will not establish similarity in the underlying software. See Manufacturers Technologies, Inc. v. Cams, Inc., 706 F.Supp. 984, 992 (D.Conn. 1989).[1]

Defendant's response mischaracterizes Plaintiff's position with regard to the underlying software. Defendant does not contend that evidence of infringement of the software would be irrelevant; instead, Defendant contends that the only evidence of infringement of the software offered by Plaintiff's expert relates to access codes and field names and that this evidence cannot establish infringement and is therefore irrelevant and unduly prejudicial. There is no evidence that the limited similarities in the software are anything more than de minimis. Plaintiff cannot satisfy the virtual identity standard established by the Court's prior rulings. Indeed, Plaintiff's sole expert has never opined that there was any evidence of virtual identity and is therefore precluded from doing so at trial.[2] Any testimony or evidence to suggest Quick Play software infringes on the Fast Action software should be excluded.

### B. THE PLAYER SCREENS ARE NOT INFRINGED

In ruling on Defendant's Motion for Summary Judgment, the Court determined that

---

[1] Plaintiff's expert, Mr. Greene, identified similarities in the access code and field names, but those similarities are de minimis and insufficient to establish infringement of the software. See Nihon Keizai Shimbum, Inc. v. Comline Business Data, Inc., 166 F.3d 65, 71 (2nd Cir. 1999)("De minimis infringement of a copyrighted work is not actionable").

[2] Since the Court's August 19, 2005 ruling establishing the virtual identify standard, no supplemental report from Plaintiff's expert has been tendered with regard to the applicable standard. Plaintiff's expert, Scott Greene, merely opined that Fast Action Bingo and Quick Play Bingo were substantially similar without parsing the analysis between the software and the computer screens.

PHX/RHARRIS/1772645.1/73349.001

1 the Fast Action computer screen displays are entitled to only thin protection requiring
2 proof of virtual identify. Under well-established case law the Plaintiff has the burden of
3 identifying the protected elements of the copyrighted works. <u>Apple, Inc. v. Microsoft
4 Corporation</u>, 35 F.3d 1435, 1443 (9th Cir. 1994), cert. denied, 513 U.S. 1184 (1995).
5 Plaintiff has provided no evidence of the copyrightability of any elements of the screen
6 displays, nor has Plaintiff identified the elements of the screen displays that were
7 allegedly infringed. The Plaintiff's failure to identify the protected elements is
8 particularly significant with regard to the player screens, which essentially display bingo
9 cards conforming to elements of the game of bingo that are in the public domain. Indeed,
10 the Court has determined that bingo cards and numbers, the ideas and names of winning
11 combinations, the display of the player's balance and winnings, information fields,
12 functions, layout and color scheme are not protectable. Order dated August 19, 2005.
13 The Plaintiff has failed to meet its burden of showing what elements of the player screens
14 are protected and any testimony or evidence regarding infringement of the player screens
15 should be excluded.

16 Plaintiff concedes that Mr. Green is not a legal expert and will not opine regarding
17 copyrightability of any particular elements of the computer screens. Response at 3, lines
18 11-13. Consequently, Plaintiff cannot meet its burden to identify the specific
19 copyrightable elements. It is insufficient to argue that "the jury instructions will guide the
20 jury in making its decision" with regard to the protectable elements. Response at 3, lines
21 25-26. The burden was on the Plaintiff to establish these elements prior to trial so that the
22 Defendants could adequately prepare to address the claims asserted.

23 **C. THE ADMINISTRATIVE SCREENS ARE NOT INFRINGED**

24 Finally, any evidence of substantial similarity of the administrative (or back end)
25 screen displays should be excluded. First, the test for infringement is virtual identity, not
26 substantial similarity. In addition, Plaintiff has not met its burden of establishing what

1  elements of the administrative screens are protected and infringed. Evidence of similarity
2  in non-protected elements would be unduly prejudicial.

3  Again, Plaintiff misapprehends Defendant's argument. The issue is not the order
4  of proof at trial; instead, the issue is Plaintiff's failure to meet its burden, prior to trial.
5  First "the Plaintiff must identify the source(s) of the alleged similarity between his work
6  and the Defendant's work." Then "the Court must determine whether any of the allegedly
7  similar features are protected by copyright." To engage in this activity in front of the jury
8  would result in the introduction of prejudicial evidence to the extent similarities relate to
9  unprotected elements of the Plaintiff's work.

## CONCLUSION

11  Under the copyright office practice, registration of computer software extends
12  protection to "related computer screens." Case law has defined "related computer
13  screens" as those "generated by the software." Consequently, Plaintiff is entitled to
14  protection only for computer screens "generated by" the Fast Action software.
15  Infringement of the screens should not be actionable absent infringement of the
16  underlying software. In this case the Quick Play screens are not "generated by" the
17  registered Fast Action software and do not infringe Plaintiff's rights.

18  The Court's prior Summary Judgment ruling is not to the contrary. Moreover,
19  Summary Judgment rulings are interlocutory. The Court is entitled to consider the
20  undesirable consequences of extending copyright protection to computer screens that are
21  not themselves subject to administrative review. Protection should not extend beyond the
22  narrow circumstances where the screens are generated by computer software that was
23  deposited and registered in the copyright office.

24  The Ninth Circuit has imposed the burden on the plaintiff to establish copyright
25  protection for specific elements of the work allegedly infringed. The Plaintiff in this
26  action has not met that burden; consequently, evidence of copyright infringement should

1 | be excluded.

2 | DATED this 13th day of March, 2006.

                              FENNEMORE CRAIG

                              By <u>s/ Susan M. O</u>
                                  Ray K. Harris
                                  Susan M. O
                                  Attorneys for Defendants

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

PHX/RHARRIS/1772645.1/73349.001

- 5 -

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Marvin A. Glazer
>Cahill von Hellens & Glazer
>2141 E. Highland Avenue, Suite 155
>Phoenix, Arizona 85016-4737
>mglazer@cvglaw.com

s/ Ray K. Harris