1

2

3

4

5

```
 ___ FILED        ___ LODGED
 ___ RECEIVED ___ COPY

      NOV 2 2 2006

  CLERK U S DISTRICT COURT
    DISTRICT OF ARIZONA
 BY_____ DEPUTY
```

6

7

8

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

9

10

11

12

13

14

15

| Dream Games of Arizona, Inc., et al., | ) | No. CIV 03-0433-PHX-ROS |
| | ) | |
| Plaintiffs, | ) | **FINAL JURY** |
| | ) | **INSTRUCTIONS** |
| vs. | ) | |
| | ) | |
| PC Onsite, L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Duty of Jury**

Ladies and gentlemen: I will now give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what your verdict should be.

## What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

### **What Is Not Evidence**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## **Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## Ruling On Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## **Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

## Burden Of Proof - Preponderance of the Evidence

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## Duties of Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## **Opinion Evidence, Expert Witnesses**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

## **<u>Duty to Deliberate</u>**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## Communication With The Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## **Return of Verdict**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

## Complete Affirmative Defense

On any claim, if you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff on that claim, unless you also find that the defendant has proved an affirmative defense, in which event your verdict should be for the defendant on that claim.

## <u>Preliminary Instruction - Copyright</u>

The plaintiff, Dream Games, the owner of a copyright, seeks damages against the defendants, PC Onsite, Casey Hagon for copyright infringement. The defendants deny infringing the copyright and contends that the copyright is not enforceable.  To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

## DEFINITION OF COPYRIGHT

Copyright is the exclusive right to copy.  The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or, as in the case before us, a computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

## HOW COPYRIGHT IS OBTAINED

14

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression. The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

**PLAINTIFF'S BURDEN OF PROOF**

In this case, the plaintiff, Dream Games, contends that the defendants, PC Onsite, Casey Hagon, have infringed the plaintiff's copyright. The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of the copyright and that the defendant copied original elements of the copyrighted work. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

**LIABILITY FOR INFRINGEMENT**

One who prepares derivative works from a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

To prove that the defendant infringed the copyright, the plaintiff may show that the

defendant had access to the plaintiff's copyrighted work and that there is a virtual identity between portions of the defendant's work and portions of the plaintiff's copyrighted work.

## Copyright Defined (17 U.S.C. § 106)

Copyright is the exclusive right to copy. This right to copy, for purposes of our present case, includes the exclusive rights to:

(1) authorize, or make additional copies, or otherwise reproduce the copyrighted work in copies;

(2) recast, transform, adapt the work, that is, prepare derivative works based upon the copyrighted work;

(3) distribute copies of the copyrighted work to the public by sale or other transfer of ownership or by rental, lease or lending;

(4) perform publicly a copyrighted literary work; and

(5) display publicly a copyrighted literary work.

It is the owner of a copyright who may exercise these exclusive rights. The term "owner" includes the author of the work and an assignee. In general, copyright law protects against production, adaptation, distribution, performance, and/or display of substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement. Even though one may acquire a copy of the copyrighted work, the copyright owner retains rights and control of that copy, including uses that may result in additional copies or alterations of the work.

17

## Copyright - Subject Matter  (17 U.S.C. § 102)

The work involved in this trial, Fast Action Bingo software, is known as a computer program, that is, a literary work composed of a set of statements or instructions to be used directly or indirectly in a computer to bring about a certain result.

You are instructed that a copyright may be obtained in computer programs.

This work can be protected by the copyright law provided it meets the requirements of copyright law and the author took steps to properly copyright the work. Only that part of the work comprised of an original work of authorship fixed in any tangible medium of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, is protected by the Copyright Act.

Copyright protection for an original work of authorship does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied.

## Copyright - Subject Matter - Ideas and Expression (17 U.S.C. § 102(B))

Copyright law allows the author of an original work to prevent others from copying the way or form the author used to express the ideas in the author's work. Only the particular expression of an idea can be copyrighted. Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles or discoveries.

The right to exclude others from copying extends only to how the author expressed the ideas in the copyrighted work. The copyright is not violated when someone uses an idea from a copyrighted work, as long as the particular way of expressing that idea in the work is not copied.

## Copyright Infringement - Elements - Ownership and Copying

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving both of the following by a preponderance of the evidence:

1.     the plaintiff is the owner of a valid copyright; and

2.     the defendant copied original elements from the copyrighted work.

If you find that both of the elements on which the plaintiff has the burden of proof have been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

## Copyright Infringement - Ownership of Valid Copyright

Plaintiff Dream Games' has submitted its Certificate of Copyright Registration No. TX 5-622-656 as prima facie evidence that Plaintiff Dream Games is the owner of a valid copyright in the Fast Action Bingo software.  Plaintiff Dream Games obtained its certificate of copyright registration, dated November 27, 2002, within five years of the first publication (March 15, 1998) of the work Fast Action Bingo software; and Plaintiff Dream Games commenced this action on March 5, 2003, within five years of the copyright's first publication  (March 15, 1998).  I hereby direct you that Plaintiff Dream Games has provided sufficient proof of its ownership of a valid copyright in the Fast Action Bingo software by submitting its certificate of copyright registration No. TX 5-622-656.  Defendants have the burden of proving either that Plaintiff Dream Games does not own the copyright, or that such copyright is not valid.

## <u>Copyright Infringement - Original Elements</u>

An original work may include or incorporate elements taken from prior works.

The original parts of the plaintiff's work are the parts created:

1.   independently by the work's author, that is, the author did not copy it from another work; and

2.   by use of at least some modest amount of creativity.

In copyright law, the "original element" of a work may not necessarily be new or novel.

22

## Copyright Interests - Derivative Work

A copyright owner is entitled to exclude others from creating derivative works based upon the owner's copyrighted work.  The term derivative work refers to a work based on one or more pre-existing works, such as a translation, or any other form in which the pre-existing work is recast, transformed, or adapted.  Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming or adapting the copyrighted work without the owner's permission.

## Derivative Work v. Pre-Existing Work

A person may exploit only such copyrighted material as he either owns or is licensed to use.  Use of copyrighted material as part of a new work creates a derivative work.  The creation of a derivative work is not initially an infringing  act if the borrowed or copied material in the derivative work  was used with the consent of the copyright owner of the prior work.   After consent is revoked, one who creates a derivative work can be subject to liability for copyright infringement.

## Copyright Infringement - Definition - Copying - Access and Virtual Identity

The Plaintiff Dream Games claims that the Defendants copied original elements of the plaintiff's copyrighted work.  The plaintiff has the burden of proving the following elements by a preponderance of the evidence:

1.   that the Defendants had access to the Plaintiff's copyrighted work; and

2.   that portions of the defendant's work are virtually identical to original elements of the plaintiff's copyrighted work.

If Plaintiff Dream Games proves such access and virtual identity, then you may presume copying, and copyright infringement.  In that case, Defendants then have the burden to prove that the work was not copied but independently created.

## Copyright Infringement - Definition - Copying - Access Defined

In a copyright infringement case, the plaintiff must show by a preponderance of the evidence that the defendants had access to the plaintiff's work.

In the present case, Defendants do not contest that they had access to the copyrighted Fast Action Bingo software before creating the accused Quick Play Bingo software.

## **Virtual Identity - Extrinsic Test - Intrinsic Test**

Works are virtually identical if the expression of ideas in the plaintiff's copyrighted work and the expression of ideas in the defendant's work are virtually identical.

The test for expression of ideas is whether an ordinary reasonable person would find the total concept and feel to be virtually identical.

## <u>Screen Displays - Generated by Copyrighted Software</u>

A valid copyright registration of a computer software program extends copyright protection to the screens generated by the copyrighted software. Only screens generated by the copyrighted software are considered registered and entitled to protection from unauthorized copying.

Dream Games alleges that screens generated by PC Onsite's Quick Action Bingo software infringe screens generated by Fast Action Bingo software. Dream Games must establish that each screen display allegedly copied was generated by the copyrighted Fast Action Bingo software.

## Screen Displays - Examination

By registering a computer program with the U.S. Copyright Office, copyright protection extends to the screen displays generated by the program.  If screen displays are deposited with the Copyright Office, the displays will be examined for copyrightability.

Dream Games registered its computer program, Fast Action Bingo, with the U.S. Copyright Office, and alleges that PC Onsite copied the screen displays generated by that computer program.  Dream Games did not deposit with the Copyright Office the screen displays generated by the program.  The Copyright Office did not separately examine the screen displays for copyrightability.

### <u>Screen Displays - Virtual Identity Re Protected Elements</u>

To establish that PC Onsite is liable for copyright infringement, Dream Games must show that the accused screen displays are virtually identical to protected elements of corresponding screen displays of the Fast Action Bingo game. Even though PC Onsite had access to screens of the Fast Action Bingo game, no amount of proof of PC Onsite's access to the Fast Action Bingo screen displays will suffice to show copying if the corresponding Quick Play Bingo screen displays are not virtually identical to the Fast Action Bingo screen displays.  Proof of common errors does not negate the need to prove the screens are virtually identical.

## **Screen Displays - Virtual Identity**

If almost all the similarities spring from the basic ideas of a video bingo game, then illicit copying could occur only if the works as a whole are virtually identical.

## **Screen Displays - Ideas, Concepts, Processes**

Ideas, concepts and processes are not subject to copyright protection regardless of the degree of access and similarity.

In this case Dream Games allege that the screen displays generated by Quick Play Bingo are virtually identical to screen displays generated by Fast Action Bingo. To the extent similarities are inherent to the idea of the game of bingo or required by the nature of operating a computer, such similarities should not be considered in determining infringement.

### Screen Displays - Procedure, Process, System, Method of Operation

Functions such as "Add User", "Games Menu", and "Done" are not copyrightable because copyright protection does not extend to a "procedure, process, system, [or] method of operation." If a given function is not describable in more than one way, the name used to describe such function is not copyrightable. The idea and the expression of the idea are merged. However, even a combination of unprotectable elements may be entitled to some copyright protection if the works are virtually identical.

## Screen Displays - Virtual Identity - Concept and Feel

Works are virtually identical if the copyrightable elements in the plaintiff's copyrighted work and the corresponding elements in the defendant's work are virtually identical.

The test is whether an ordinary reasonable person would find the total concept and feel of the two works being compared to be virtually identical.

### Unprotected Elements

Not every element of a copyrighted is necessarily protected against copying.  It is a fundamental principle of copyright law that ideas, concepts, and processes are not protected from copying.  The  idea of a bingo game  is available for anyone to use and  is not itself protected from copying.  A copyright does not give Dream Games exclusive rights over all video bingo games. Copyright protection does not extend to elements already in the "public domain."  Bingo cards and numbers are in the public domain.  Any similarity in the bingo cards and numbers that were in the public domain should not be considered in determining similarity of screen displays.   Bingo cards, called numbers (often printed on balls), a key describing winning patterns and corresponding prizes, and the player's balance and winnings, are all elements of a video bingo game that are not protected by copyright.

**Copyright Damages - Statutory Damages - When Infringement Commenced**

If you determine that Defendants infringed Dream Games' copyright in Fast Action Bingo, you must consider the damages that Defendants must pay to Dream Games.

Dream Games seeks a statutory damage award for the infringement of Fast Action Bingo game. Statutory damage awards are not available if the infringement commenced before November 27, 2002, when Fast Action Bingo was registered with the Copyright Office. Dream Games claims that Defendants did not begin to infringe the copyright until after November 27, 2002; Defendants claim that, if PC Onsite did engage in copyright infringement, then it did so before November 27, 2002. If you find that Quick Play Bingo infringes Dream Games' copyright in the Fast Action Bingo game, and that Defendants began to engage in copyright infringement before November 27, 2002 then you may not award statutory damages to Dream Games.

## <u>Copyright Damages - Statutory Damages - Willful Infringement - Innocent Infringement</u>

If you determine that the defendant infringed the plaintiff's copyright in its Fast Action Bingo software, you must consider the damages the defendant must pay to the plaintiff. The plaintiff seeks a statutory damage award established by Congress. Its purpose is to compensate the copyright owner and to penalize the infringer and deter future violations of the copyright laws.

Because statutory damages serve both compensatory and punitive purposes, plaintiff can recover statutory damages whether or not there is adequate evidence of the actual damage suffered by plaintiff or the profits reaped by the defendant.

You may award as statutory damages for the infringement of the plaintiff's copyrighted work an amount that you feel is just under the circumstances, provided that amount is not less than $750.

Plaintiff Dream Games contends that Defendants willfully infringed the copyright in the Fast Action Bingo software. If the plaintiff proves by a preponderance of the evidence willful infringement, you may, but are not required to, increase the statutory damages for infringement of that work to a sum as high as $150,000.

An infringement was willful when the defendant engaged in acts that infringed the copyright, and knew that those actions may infringe the copyright, or acted in reckless disregard as to whether they were doing so.

37

If Plaintiff Dream Games does not prove that Defendants willfully infringed the copyright in the Fast Action Bingo software, then You may award as statutory damages for the infringement of the plaintiff's copyrighted work an amount that you feel is just under the circumstances, provided that amount is not more than $30,000.

## **Contract Defined - Formation**

A contract is an agreement between two or more parties.  For a contract to exist, there must be an offer, an acceptance of the offer, and consideration.

An offer is a proposal to enter into a contract on the terms contained in the offer.

An acceptance is an expression of agreement to the terms of the offer by the person to whom the offer is made.

"Consideration" is a benefit received, or something given up or exchanged, as agreed upon between the parties.

## **Good Faith and Fair Dealing**

A party to a contract has a duty to act fairly and in good faith.  This duty is implied by law and need not be in writing.

This duty requires that neither party do anything that prevents the other party from receiving the intended benefits of their agreement.

If you find that Dream Games has breached the duty of good faith and fair dealing, then PC Onsite is entitled to recover damages proved by the evidence to have resulted naturally and directly from the breach.

### Meaning of Contract Provisions

In deciding what a contract provision means, you should attempt to determine what the parties intended at the time that the contract was formed. You may consider the surrounding facts and circumstances as you find them to have been at the time that the contract was formed. It is for you to determine what those surrounding facts and circumstances were.

To determine what the parties intended the terms of a contract to mean, you may consider the language of the written agreement; the acts and statements of the parties themselves before any dispute arose; the parties' negotiations; any prior dealings between the parties; any reasonable expectations the parties may have had as the result of the promises or conduct of the other party; and any other evidence that sheds light on the parties' intent.

### **Interpretation**

In determining the terms of the contract, you should consider the language of the agreement in light of what you find to be the intent of the parties. In determining the intent of the parties, you may consider the surrounding circumstances at the time the agreement was executed. You may also consider what meaning makes the language of the agreement more reasonable in light of the surrounding circumstances.

## **Interpretation - Continued**

PC Onsite contends the agreement consists of more than the written Third Party Source Code Non-Disclosure Agreement.

A contract need not be entirely in writing.  It may be in part oral and in part written.  Further, implied terms are as much a part of a contract as written ones.  A contract must be construed in its entirety.

Defendants claim that the Third Party Source Code Non-Disclosure Agreement was only one element of a larger integrated agreement under which Dream Games agreed to purchase software development services and granted a license to use the Fast Action Game [software and] computer screens to PC Onsite.  Dream Games agrees that Dream Games granted a limited license to PC Onsite to use the Fast Action Bingo game software and computer screen displays, but Dream Games claims that this limited license was solely for the purpose of allowing PC Onsite to enhance the Fast Action Bingo game for the benefit of Dream Games.

### **Contract Damages**

The purpose of an award of damages for breach of contract is to put the party that did not breach in as good a position as it would be in if the contract had been performed. The damages awarded must arise naturally from the breach itself and must reasonably be supposed to have been within the contemplation of the parties at the time the contract was made.

## Contract Damages - Reasonable Certainty

The party that did not breach has the burden of establishing the amount of damages

for breach of contract with reasonable certainty.