# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dream Games of Arizona Incorporated, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PC Onsite LLC, et al., <br><br> Defendants. | No. CV-03-00433-PHX-DLR (ESW) <br><br> **REPORT AND RECOMMENDATION** |

**TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Dream Games of Arizona, Inc.'s ("Judgment Creditor") Application for Charging Order (Doc. 522). The matter is fully briefed. For the reasons explained herein, the undersigned recommends that the Court grant the Application for Charging Order.[1]

---

[1] Because the Application for Charging Order is contested, the undersigned issues this Report and Recommendation in an abundance of caution. *See First Union Nat'l Bank of Virginia v. Craun*, 853 F.Supp. 209, 210 (W.D. Va. 1994) (a magistrate judge entered a post-judgment charging order pursuant to the "additional duties" clause set forth in 28 U.S.C. § 636(b)(3)); *see also Bache Halsey Stuart Shields Inc. v. Killop*, 589 F.Supp. 390, 393-94 (E.D. Mich. 1984) (ruling that a magistrate judge has authority to appoint a receiver and stating that "the supervision of the collection efforts of a judgment creditor is precisely the kind of judicial activity that Congress contemplated when it adopted the 'additional duties' clause. Efforts undertaken by the Magistrate in furtherance of effectuating the judgment result in considerable savings of the court's time . . . ."); *but see, e.g., Merchant Transaction Systems, Inc. v. Nelcela, Inc.*, No. CV-02-1954-PHX-FJM (LOA), 2011 WL 4625716 (D. Ariz. Sept. 6, 2011) (magistrate judge issued a Report and Recommendation that recommended that the district judge grant an application for a charging order).

## I. BACKGROUND

On March 18, 2010, the Court entered judgment in the amount of $264,763.28 (the "Judgment") in favor of Judgment Creditor and against Casey Hagon ("Judgment Debtor"). (Doc. 365). The Application for Charging Order, filed on September 18, 2015, seeks satisfaction of the Judgment. (Doc. 522 at 1-2). In his "Response in Opposition to Application for Charging Order" filed on November 16, 2015 (Doc. 526), Judgment Debtor asserts that the Court lacks jurisdiction to grant the Application for Charging Order.

On November 23, 2015, the undersigned conducted a telephonic status conference regarding the Application for Charging Order. (Doc. 531). Judgment Creditor stated that it intended to reply to Judgment Debtor's "Response in Opposition to Application for Charging Order" (Doc. 526). Judgment Debtor indicated that he may request further briefing on the jurisdictional issue raised in his Response. The undersigned ordered counsel to (i) meet and confer regarding the issues presented and (ii) file a Joint Status Memorandum no later than December 18, 2015. (Doc. 531).

On November 24, 2015, Judgment Creditor filed its Reply (Doc. 532) to Judgment Debtor's Response. (Doc. 526). In their December 18, 2015 Joint Status Memorandum (Doc. 533), the parties requested that Judgment Debtor be allowed until January 12, 2016 to file any supplemental briefing or a request for a hearing. The undersigned granted the parties' request. (Doc. 534). The undersigned's Order stated that if no supplemental briefing or request for a hearing is filed, then on or after January 13, 2016, the Court will grant or deny the Application for Charging Order based upon the pleadings on file. (*Id.*). Judgment Debtor did not file supplemental briefing or a request for a hearing by the deadline. In March 2016, the Court ordered the parties to provide additional information pertaining to whether C&D Consulting has received notice of the Application for Charging Order. (Docs. 537, 538). The parties provided the supplementary information on March 10, 2016. (Docs. 539, 540).

## II.  DISCUSSION

The enforcement of final judgments in federal court is governed by Rule 69(a) of the Federal Rules of Civil Procedure, which provides that:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution— and in proceedings supplementary to and in aid of judgment or execution—**must accord with the procedure of the state where the court is located**, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a) (emphasis added).

Under Arizona law, a charging order is the exclusive remedy by which a judgment creditor may satisfy a judgment out of a member's interest in a limited liability company ("LLC").  ARIZ. REV. STAT. § 29-655(A) states that:

> On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the member's interest in the limited liability company with payment of the unsatisfied amount of the judgment plus interest.  To the extent so charged, the judgment creditor has only the rights of an assignee of the member's interest.

Judgment Debtor is a member of C&D Consulting LLC, a Texas LLC ("C&D Consulting").  (Doc. 532 at 10).  Judgment Creditor seeks an order charging Judgment Debtor's interest in C&D Consulting.  (Doc. 522 at 1).  The form of the charging order proposed by Judgment Creditor compels C&D Consulting to provide certain financial disclosures to Judgment Creditor on a quarterly basis until the Judgment is paid in full.  (Doc. 522 at 20-21).  Judgment Debtor objects to the charging order on two grounds.  First, Judgment Debtor asserts that Judgment Creditor has not shown that the Court has personal jurisdiction over C&D Consulting.  (Doc. 526 at 1).  Second, Judgment Debtor objects to the proposed requirement that C&D Consulting provide regular financial disclosure to Judgment Creditor. [2]  Judgment Debtor asserts that "[n]o legal basis exists

---

[2] Because Judgment Creditor does not raise the issue, the Court presumes without deciding that Judgment Debtor has the authority and standing to object to the charging order on C&D Consulting's behalf.  *City of L.A. v. Cnty of Kern*, 581 F.3d 841, 846 (9th Cir. 2009) (stating that a court may cite a party's "failure to invoke [prudential standing]" as "a ground for refusing to invoke it" on the court's own initiative) (quoting *MainStreet*

for the entry of such an order." (*Id*. at 2). Judgment Debtor provides no analysis or authority to support its objections.[3] As discussed below, the objections are without merit.

### 1. Jurisdiction to Issue Charging Order

"There are two types of personal jurisdiction: general and specific." *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). "[A] finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). "General jurisdiction exists if the nonresident's contacts with the forum are continuous and systematic, and the exercise of jurisdiction satisfies 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995)). This standard requires "continuous corporate operations within a state [that are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)). "[D]etermining whether a corporate defendant's contacts in a particular case are substantial and continuous turns on the economic reality of the defendants' activities rather than a mechanical checklist." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1173 (9th Cir. 2006) (citation and internal quotation marks omitted).

"If the defendant's activities are not so pervasive to subject him to general jurisdiction, then a court may still assert jurisdiction for a cause of action which arises out of the defendant's forum-related activities." *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986). Under the Ninth

---

*Organization of Realtors v. Calument City*, 505 F.3d 742, 743 (7th Cir. 2007)).

[3] "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 294, 293-94 (1st Cir. 1995)).

- 4 -

Circuit's three-part test, specific jurisdiction exists only if (i) the defendant purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (ii) the claim arises out of the defendant's forum-related activities; and (iii) the exercise of jurisdiction is reasonable. *Id*.

Judgment Debtor asserts that "nothing in the record establishes any of the various circumstances under which this Court could exercise jurisdiction over [C&D Consulting]." (Doc. 526 at 1). However, Judgment Debtor has admitted that C&D Consulting is doing business in Arizona. (Doc. 532 at 11). Below is an excerpt from the transcript of the March 2, 2015 debtor's examination of Judgment Debtor:

> Q. Where is [C&D Consulting] doing business?
> 
> A. Where was it doing business? It's a Texas based company.
> 
> Q. It could be an Arizona formed L.L.C. and doing business in Missouri, Washington. Where is C&D Consulting doing business?
> 
> A. Here in Arizona.

(*Id*.). Further, C&D Consulting's "Texas Franchise Tax Public Information Report" states that C&D Consulting's principal office and principal place of business are located in Phoenix, Arizona. (*Id*. at 16). In addition, C&D Consulting owns fifty percent of Active Digital Signage, LLC, an Arizona LLC. (*Id*.). These facts indicate that C&D Consulting's contacts with Arizona are continuous and systematic. Judgment Debtor has offered no evidence or argument that counters the conclusion that C&D Consulting's contacts with Arizona are continuous and systematic.

Moreover, Arizona law provides that "[i]n lieu of service on the statutory agent, process, notice or demand may be served either on a manager of a limited liability company if management of the limited liability company is vested in one or more managers or on a member of the limited liability company if management of the limited liability company is reserved to the members." ARIZ. REV. STAT. §§ 29-606; 29-811. The parties have confirmed that management of C&D Consulting is reserved to the

members. (Docs. 539, 540). Because Judgment Debtor is a member of C&D Consulting, service of the Application for Charging Order (Doc. 522) on Judgment Debtor constitutes notice to C&D Consulting.

The undersigned finds that the exercise of general jurisdiction over C&D Consulting satisfies "traditional notions of fair play and substantial justice."[4] Accordingly, the undersigned concludes that the Court has general personal jurisdiction over C&D Consulting.

**2. Requested Quarterly Financial Disclosures**

The following language is included in Judgment Creditor's proposed form of the charging order:[5]

> IT IS FURTHER ORDERED that **C&D Consulting, LLC** provide Judgment Creditor with quarterly financial statements and an accounting of all disbursements to Judgment Debtor, or for the benefit of Judgment Debtor, within 21 days after the conclusion of each calendar quarter, from the date of this Order until the Judgment is fully satisfied.

(*Id*. at 20-21).

As mentioned, federal proceedings supplementary to and in aid of judgment or execution must accord with the procedure of the state where the federal court is located. Fed. R. Civ. P. 69(a). The parties have not presented, and the undersigned is not aware of, any Arizona case law addressing whether a charging order may require regular

---

[4] Moreover, the Court does not need personal jurisdiction over C&D Consulting to issue an order charging Judgment Debtor's interests in C&D Consulting. Personal jurisdiction over Judgment Debtor is sufficient. *See Vision Marketing Resources Inc. v. McMillin Group, LLC*, No. 10-2252-KHV, 2015 WL 4390071, at *3-5 (D. Kansas July 15, 2015) (concluding that the court "need not have jurisdiction over the LLC entity itself in order to issue a charging order, when it has jurisdiction over the LLC member because the LLC has no right or direct interest affected by the charging order. Rather it is the judgment debtor's interest in and right to future distributions of the LLC that is being charged"). Judgment Debtor has waived any defect in personal jurisdiction over him in this action. *See* Fed. R. Civ. P. 12(h)(1).

[5] The undersigned notes that the requirement to provide quarterly financial statements and an accounting of all disbursements to Judgment Debtor was included in the proposed form of charging order regarding Judgment Debtor's interest in PC Onsite LLC, an Arizona LLC. (Doc. 480 at 20-21). Judgment Debtor did not object to the form of the order, and the Court included the requirement in the Order issued on March 4, 2015 (Doc. 511 at 3).

disclosure of financial information pertaining to the LLC in which the debtor has an interest. However, the U.S. District Court for the District of Alaska has addressed a similar issue. *Lumbermens Mut. Cas. Co. v. Luciano Enterprises, LLC*, No. A01-309 CV JWS, 2005 WL 2340709 (D. Alaska Sept. 21, 2005) involved a State of Alaska statute providing that a charging order is the exclusive remedy that a judgment creditor of a limited partner may use to satisfy a judgment out of the judgment debtor's interest in the partnership. The judgment creditor in *Lumbermens* sought an order charging a judgment debtor's interest in a limited partnership. (*Id*. at *1). The judgment creditor also requested an order that would require the limited partnership to disclose monthly its financial affairs until the judgment is satisfied. (*Id*.). The court found that the request was outside the bounds of Alaska's charging order statute because the statute explicitly stated that a "court order for directions, accounts, and inquiries" that the limited partner might have made "are not available to the judgment creditor attempting to satisfy the judgment out of the judgment debtor's interest in the limited partnership . . . ." (*Id*. at *2). The court denied the judgment creditor's request for regular financial disclosures.[6] (*Id*. at *3).

The Alaska charging order statute at issue in *Lumbermens* is in contrast to the Arizona charging order statute at issue in this case. ARIZ. REV. STAT. § 29-655(C) provides that a charging order is the exclusive remedy by which a judgment creditor of a debtor who is a LLC member may satisfy a judgment out of the debtor's interest in the LLC. However, ARIZ. REV. STAT. § 29-655 does not explicitly prohibit a court from requiring regular disclosure of financial information pertaining to the judgment debtor's interest in the LLC. Judgment Debtor has not provided, and the undersigned is not aware of, any authority indicating that an order requiring C&D Consulting to produce the

---

[6] The district judge also rejected the judgment creditor's argument that the request for regular financial disclosure constitutes "discovery," which is permitted by Fed. R. Civ. P. 69. *Lumbermens*, 2005 WL 2340709, at *2. The judge stated that "[n]either the federal discovery rules nor the Alaska discovery rules contemplate regular, monthly disclosure . . . ." *Id*. at *3.

requested quarterly financial disclosures would not accord with Arizona law. Further, Judgment Debtor has not asserted that the requested financial disclosures are irrelevant or privileged. Judgment Debtor also has not asserted that Judgment Creditor's request is overly broad or unduly burdensome.

"A federal court has 'inherent power to enforce its judgments.'" *Sukumar v. Direct Focus Inc.*, 224 F. App'x 556, 559 (9th Cir. 2007) (quoting *Peacock v. Thomas*, 516 U.S. 349, 356 (1996)). The undersigned finds that Judgment Creditor's request for quarterly financial statements and accountings of all disbursements made by C&D Consulting to Judgment Debtor, or for the benefit of Judgment Debtor, will aid in the satisfaction of the Judgment. With the financial disclosures, Judgment Creditor will be able to verify whether it has received all of the disbursements that C&D Consulting paid or owes to Judgment Debtor. The undersigned therefore recommends that the Court require C&D Consulting to provide to Judgment Creditor quarterly financial disclosures as set forth in Judgment Creditor's proposed form of the charging order.

### III. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Court grant the Application for Charging Order (Doc. 522).

**IT IS FURTHER RECOMMENDED** that the Court issue the charging order in the form proposed by Judgment Creditor (*Id.* at 20-21).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the

District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 23rd day of March, 2016.

_____
Eileen S. Willett
United States Magistrate Judge